UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PIERRE PREVEUS,

           Plaintiff,

v.                              Case No. 3:05-cv-751-J-99MMH

NASSAU COUNTY SHERIFF'S
DEPARTMENT,

           Defendant.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate incarcerated at the Nassau County Jail who is proceeding *pro se*, initiated this action by filing a Civil Rights Complaint Form (Doc. #1) (hereinafter Complaint) pursuant to 42 U.S.C. § 1983 on August 9, 2005. On the Complaint form, Section IV.(B) states the following: "Have you initiated other lawsuits in <u>federal court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?" Complaint at 5. There are parenthetical areas to mark either yes or no. Plaintiff marked no on his Complaint. *Id*. At the end of the Complaint, Plaintiff signed his name after the following statement on the form: "I declare under penalty of perjury that the foregoing is true and correct." *Id*. at 10. The Court takes judicial notice of Plaintiff's previous prisoner civil rights filing in this Court: Case Number 3:05-cv-656-J-16MMH.

This Court is convinced that Plaintiff <u>understands</u> the severity of not revealing the truth to the Court. This Court has the authority to control and manage matters such as this pending before it. This Court will not tolerate false responses and/or statements in any pleading or motion filed for consideration by the Court. If the Court cannot rely on the statements and/or responses made, it threatens the quality of justice. Here, Plaintiff has falsely responded to Question (B) in Section IV, entitled "Previous Lawsuits."

The President of the United States, on April 26, 1996, signed into law several amendments significantly affecting prison litigation. These amendments are entitled the Prison Litigation Reform Act. Specifically, prisoners proceeding <u>in</u> <u>forma</u> <u>pauperis</u> are prohibited from bringing a civil action or appeal if the prisoner has, on three or more prior occasions, while incarcerated, brought an action or appeal in a federal court that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. <u>See</u> 28 U.S.C. § 1915(g). For these reasons, it is imperative that Plaintiff comply with the instructions of this Court.

Therefore, this Court is of the opinion that an appropriate sanction is to dismiss this case <u>without</u> <u>prejudice</u> and warn Plaintiff that such false responses, filed herein or filed in the

future, will not be tolerated and may result in more severe and long-term sanctions in the future. For now, this case will be dismissed for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements and/or responses that can be relied on to bring his case to an expeditious closure.[1]

Additionally, this case will be dismissed because Plaintiff's Complaint presents a habeas corpus claim rather than a civil rights claim. Plaintiff contends that there was no probable cause for the search of his vehicle and that he was subjected to racial profiling when officers from the Nassau County Sheriff's Department subjected him to a traffic stop. Plaintiff does not seeks damages. His sole request for relief is as follows, "I was wrongly incarcerated and I desire my freedom." Complaint at 10. Since Plaintiff is seeking release from jail, he must raise his claims in a petition for writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a

---

[1] This section is commonly referred to as the "three strikes" provision. See Rivera v. Allin, 144 F.3d 719 (11th Cir. 1998). In Rivera, the court found that the dismissal of one of the plaintiff's previous lawsuits as an abuse of the judicial process (for lying under penalty of perjury about the existence of a prior lawsuit) should count as one of the three strikes under this provision because "dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g)." Rivera v. Allin, 144 F.3d at 731.

speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

Therefore, for the above-stated reasons, it is now

**ORDERED AND ADJUDGED:**

1. This case is hereby dismissed **without prejudice.**

2. The Clerk of the Court shall enter judgment dismissing this case without prejudice.

3. The Clerk shall send Plaintiff a form for use in section 2254 cases and an affidavit of indigency form. Plaintiff may complete and return these forms for filing on the Court's habeas corpus docket once Plaintiff has exhausted his state court remedies.

4. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of August, 2005.

_____
UNITED STATES DISTRICT JUDGE

ps 8/10
c:
Pierre Preveus

- 4 -